# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | |
|---|---|
| Miriam Hallett and Robert Hallett, <br><br> Plaintiffs, <br> v. <br><br> Government Employee Insurance Company, Kerin Jose Estrada-Aguilar, Carrie Hall, and Gregory Hall, <br><br> Defendants. | Case No.: 9:19-cv-2319-RMG <br><br><br> **ORDER AND OPINION** |

This matter is before the Court on Defendant Government Employee Insurance Company's ("GEICO") motion to realign the co-defendants. (Dkt. No. 4.) For the reasons set forth below, the Court grants Defendant's motion.

## I. Background

This action arises out of an automobile accident that occurred on February 20, 2017 between Plaintiff Miriam Hallett and Defendant Kerin Jose Estrada-Aguilar ("Estrada-Aguilar"). (Dkt. No. 1-1, Hallett Compl. at ¶ 7.) While driving a vehicle owned by Defendants Carrie Hall and Gregory Hall, Miriam Hallett allegedly disregarded a red light causing her vehicle to collide with the vehicle Estrada-Aguilar was riding in. (Dkt. No. 1-1, Estrada-Aguilar Compl. at ¶ 8.) At the time of the collision, Miriam Hallett and Robert Hallett had personal automobile liability insurance through GEICO. (Dkt. No. 1-1, Hallett Compl. at ¶ 9.) On January 28, 2019, Estrada-Aguilar filed an action against Miriam Hallett, Carrie Hall, and Gregory Hall in the Beaufort County Court of Common Pleas. (Dkt. No. 1-1, Estrada-Aguilar Compl.); *see Estrada-Aguilar v. Hallett*, Case No. 2019-CP-07-00174. In that case, Estrada-Aguilar seeks damages from Miriam Hallett based on her alleged negligence and seeks damages from Carrie Hall and Gregory Hall based on the family purpose doctrine. *Id.* Subsequently, on July 3, 2019, Plaintiffs brought a

1

declaratory judgment action against GEICO, Estrada-Aguilar, Carrie Hall, and Gregory Hall in the Beaufort County Court of Common Pleas. *Hallett v. GEICO, et al.*, 2019-CP-07-1539. Plaintiffs seek an order declaring that GEICO has a duty to defend and indemnify Miriam Hallett for potential liability in the underlying state court action. (Dkt. No. 1-1, Hallett Compl.) GEICO removed the declaratory judgment action to federal court and filed the instant motion to realign co-defendants, Carrie Hall, Gregory Hall, and Estrada-Aguilar. (Dkt. Nos. 1, 4.) Removal to federal court is contingent upon the Court's ruling upon GEICO's motion to realign as the parties are non-diverse. Plaintiffs and Defendants Estrada-Aguilar, Carrie Hall, and Gregory Hall are citizens of South Carolina. (Dkt. No. 1-1, Hallett Compl. at ¶¶ 1, 3–4.) Defendant GEICO is a Maryland company licensed to do business in South Carolina. (*Id.* at 2.) Plaintiffs filed a response to Defendant GEICO's motion to realign. (Dkt. No. 9.)

## II.   Legal Standard

Federal courts are courts of limited jurisdiction. *Strawn v. AT & T Mobility LLC*, 530 F.3d 293, 296 (4th Cir. 2008). Federal removal jurisdiction exists if the action is one "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). A defendant removing a case to federal court bears the burden of establishing that federal jurisdiction is proper. *Id.* (citations omitted). The existence of federal jurisdiction is determined at the time the defendant files his notice of removal. *See Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939) (citations omitted). The removal statute is strictly construed against removal jurisdiction, and any doubts as to jurisdiction weigh in favor of remand. *In re Blackwater Sec. Consulting*, LLC, 460 F.3d 576, 583 (4th Cir. 2006).

## III.   Discussion

Defendant GEICO argues that co-defendants Carrie Hall, Gregory Hall, and

2

Estrada-Aguilar should be realigned as Plaintiffs because they have interests that are aligned with Plaintiffs Miriam Hallett and Robert Hallett. "Diversity jurisdiction cannot be conferred upon the federal courts by the parties' own determination of who are plaintiffs and who defendants." *Indianapolis v. Chase Nat'l Bank,* 314 U.S. 63, 69, 62 S.Ct. 15, 86 L.Ed. 47 (1941). The court must look beyond the pleadings and arrange the parties according to their sides in the dispute. *Indianapolis,* 314 U.S. at 63. Whether the necessary collision of interest exists must be ascertained from the principle purpose of the suit and the primary and controlling matter in dispute. *Marsh v. Cincinnati Ins. Co., No.* CIV.A.4:08-CV2441RBH, 2008 WL 4614289, at *2 (D.S.C. Oct. 15, 2008). The Fourth Circuit applies the principal purpose test for determining whether realignment is appropriate. The principal purpose test has two steps. First, the court must "determine the primary issue in the controversy." *U.S. Fid. & Guar. Co. v. A & S Mfg. Co.,* 48 F.3d 131, 133 (4th Cir. 1995). Next the court should "align the parties according to their positions with respect to the primary issue." *Id.* If the alignment differs from that in the complaint, the court must determine whether complete diversity continues to exist. *Id.*

The principal purpose test first requires the Court to determine the primary issue in controversy in this action. Plaintiffs filed a declaratory judgment action seeking to enforce a personal liability automobile insurance policy issued by GEICO and in effect at the time of the 2017 automobile accident. (Dkt. No. 1.) The Court finds the primary purpose of this action is to determine whether Plaintiff's insurance policy offered by GEICO requires GEICO to defend and indemnify Miriam Hallett for her potential liability from the underlying 2017 automobile accident.

Second, under the principal purpose test, the Court must align the parties according to their positions with respect to the primary issue. Upon a review of the pleadings and record in this case, the interests of plaintiffs and co-defendants Carrie Hall, Gregory Hall, and Estrada-Aguilar are

aligned. Miriam Hallett drove a vehicle owned by Carrie Hall and Gregory Hall when she allegedly caused a collision with the vehicle Estrada-Aguilar was riding in. (Dkt. No. 1-1, Hallett Compl. at ¶ 7.) Estrada-Aguilar filed an underlying state court action against Miriam Hallett, Carrie Hall, and Gregory Hall asserting a negligence claim and seeking damages under the family purpose doctrine. (Dkt. No. 1-1, Estrada-Aguilar Compl.) Miriam Hallett and Gregory Hall submitted separate affidavits averring that the vehicle Miriam Hallett drove in the 2017 accident was only driven on occasion and was not furnished for her regular, steady, unrestricted, or unlimited use. (Dkt. No. 1-3, pgs. 16–19.) Further, Miriam Hallett is Gregory Hall's mother-in-law and she argues that "[d]efendants Kerin Jose Estrada-Aguilar, Gregory Hall, and Carrie Hall have an interest in this controversy, such that disposition of [Plaintiffs' declaratory judgment action] may impair or impeded [Plaintiffs'] ability to protect such interest. Plaintiffs were required to join Aguilar and the Halls as defendants." (Dkt. No. 1-3 at pg. 18) (Dkt. No. 9 at 1–2.)

These facts show that Plaintiffs, Carrie Hall, and Gregory Hall seek to benefit from a finding in the instant declaratory judgment action that GEICO defend and indemnify Miriam Hallett for her potential liability stemming from the 2017 automobile accident. In addition, Estrada-Aguilar's interests are similarly aligned to Plaintiffs.' In the underlying lawsuit, Estrada-Aguilar claims injury due to the alleged negligence of Miriam Hallett, Carrie Hall, and Gregory Hall. (Dkt. No. 1-1, Estrada-Aguilar Compl.) Estrada-Aguilar would also benefit from a finding that GEICO defend and indemnify Miriam Hallett for her potential liability from the 2017 automobile accident. Plaintiffs and co-defendants Carrie Hall, Gregory Hall, and Estrada-Aguilar are aligned with respect to the primary issue in the declaratory judgment action that GEICO as the insured, provide coverage for Miriam Hallett. *Marsh*, No. CIV.A.4:08-CV2441RBH, 2008 WL 4614289, at *2.

Defendant GEICO's interest stands in opposition to Plaintiffs and co-defendants Gregory Hall, Carrie Hall, and Estrada-Aguilar. GEICO provided personal automobile liability insurance to Plaintiffs and would seek a finding that it has no duty to defend and indemnify Miriam Hallett for potential liability from the 2017 automobile accident. (Dkt. No. 1-1, Hallett Compl. at ¶ 9.) Thus, GEICO's primary interest is to limit coverage.

GEICO's motion to realign the co-defendants is granted. The Court finds that co-defendants Carrie Hall, Gregory Hall, and Kerin Jose Estrada-Aguilar should be realigned as Plaintiffs in this case. The realignment demonstrates that complete diversity exists as all Plaintiffs are citizens of South Carolina, whereas GEICO is a Maryland company licensed to do business in South Carolina.

### IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Defendant's motion to realign the co-defendants. (Dkt. No. 4.)

**AND IT IS SO ORDERED.**

Richard M. Gergel
United States District Court Judge

September 8, 2019
Charleston, South Carolina